UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | BANKRUPTCY NO. 03-12126 |
| | CHAPTER 11 |
| ERIE POWER TECHNOLOGIES, INC., DEBTOR | |
| | |
| ERIE POWER TECHNOLOGIES, INC., BY PASCARELLA & WIKER LLP AS PLAN ADMINISTRATOR, Plaintiff | ADVERSARY NO. 05-1292 |
| | DOCUMENT NO. 1 |
| vs. | |
| STRUCTURAL STEEL SERVICES, INC.: Defendant | |

### MEMORANDUM

### Introduction

Erie Power Technologies, Inc. ("EPTI") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on August 29, 2003. On April 1, 2005, an Order was entered which confirmed the Official Unsecured Creditors' Committee's First Amended Plan of Orderly Liquidation Dated February 22, 2005, as Amended (the "Plan"). Pursuant to the Plan, Pascarella & Wiker LLP is the Plan Administrator for the reorganized Debtor.

On August 26, 2005, EPTI filed the within Complaint to recover a payment in the amount of $54,413 (the "Payment") received by Structural Steel Services, Inc. ("Structural") from a non-Debtor entity, Imperial Oil Limited ("Imperial") on June 16, 2003. EPTI asserts that the Payment is avoidable as a preference under 11 U.S.C. §547(b) ("Count I") and recoverable by EPTI pursuant to 11 U.S.C. §550 ("Count II"). EPTI further asserts that any claims Structural has against EPTI must be disallowed under 11 U.S.C. §502(d) until such time as Structural pays to EPTI the Payment amount.

Before the Court is Structural's MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY ("Motion"). Structural asserts that the Complaint fails to state a claim upon which relief can be granted.

## Facts

The facts are derived from the documents provided by the parties.

EPTI and Imperial are parties to a Fabrication Contract, Number 46011579, dated April 30, 2002, executed by EPTI on July 3, 2002 and by Imperial on September 3, 2002 (the "Fabrication Contract"), which calls for EPTI to design and construct a Heat Recovery Steam Generator ("HRSG") for the Sarnia Refinery owned by Imperial.

At the same time that it executed the Fabrication Contract (September 3, 2002), Imperial also executed Contract Amendment No. 01 dated August 27, 2002 which amended the Fabrication Contract, by adding a separate document entitled Agency Agreement. The Agency Agreement is dated August 27, 2002 and is executed by EPTI and Imperial. The Agency Agreement provides that "the Parties have agreed to amend said Fabrication Agreement by providing that [EPTI] shall conduct all of its dealings with fabricators and suppliers on behalf of and as agent for [Imperial]."

On November 25, 2002, Structural received a purchase order (the "Purchase Order") from EPTI in its capacity as agent for Imperial for the fabrication and shipment of lifting steel to the Sarnia Refinery.

On April 29, 2003, subsequent to shipping the lifting steel to the Sarnia Refinery, Structural issued invoice number 12299 to Imperial in the amount of $54, 413. On June 16, 2003, Structural received a check from Imperial in the amount of $54,413.

## Discussion

### 11 U.S.C. §547(b)

In order to state a claim for relief under 11 U.S.C. §547(b) to avoid the transfer of the Payment, the Plaintiff must show that an interest of the Debtor in property was transferred:

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made–
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if–
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

Structural asserts that EPTI cannot establish a prima facie case as to the Payment under 11 U.S.C. §547(b) because the Payment:

> (I) was not a transfer of an interest of the Debtor in property; (ii) was not made for or on account of an antecedent debt owed by the Debtor before such transfer was made; and (iii) the Payment did not enable Structural to receive more than (a) it would have received in a Chapter 7 case; and (b) if the transfer had not been made; and (c) it would have received if such creditor received payment of such debt to the extent provided by the provisions of this title.

To be recoverable as a preference, the Payment from Imperial to Structural must have been "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. §547(b)(2).

Pursuant to the Agency Agreement, EPTI acted as an authorized agent for Imperial. The agency relationship was disclosed to Structural in the Purchase Order.

EPTI directs our attention to the Fabrication Contract, Contract Amendment, and Agency Agreement for support of its position that EPTI remained liable to the subcontractors and suppliers such as Structural for work performed on the Sarnia Refinery project. At most, it appears that those documents may indicate EPTI's agreement with Imperial that EPTI was ultimately liable for payment to subcontractors and suppliers.

There is no indication of an agreement between EPTI and Structural or any other third party where EPTI agrees with Structural that it is liable for amounts due. "An authorized agent for a disclosed principal is not liable on a contract between the principal and a third party unless the agent agrees with the third party to be liable." Revere Press, Inc. v. Blumberg, 431 PA 370, 373, 246 A.2d 407, 409 (PA 1968). See also Bucks County Playhouse v. Bradshaw, 577 F.Supp. 1203, 1209 n.4 (ED PA 1983) (concluding that "an agent is not liable for a breach of contract by a disclosed principal unless the agent agrees with the third party to be liable."). Riseman v. Advanta Corp., 39 Fed. Appx. 761 (3d Cir. 2002) (an agent for a disclosed principal is not personally liable on a contract between the principal and a third party unless the agent specifically agrees to assume liability).

Accordingly, it appears that EPTI had no liability to Structural and the Payment from Imperial to Structural therefore was not for, or on account of, an antecedent debt owed by EPTI to Structural before such transfer was made. EPTI will be afforded an opportunity to explain how EPTI, as an agent for Imperial, could have any liability to Structural.

An appropriate Order will be entered.

_____
Warren W. Bentz
United States Bankruptcy Judge

c: Patrick W. Carothers, Esq.
   Kimberly A. Coleman, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 03-12126 |
| | : CHAPTER 11 |
| ERIE POWER TECHNOLOGIES, INC., | : |
| DEBTOR | : |
| | : |
| ERIE POWER TECHNOLOGIES, INC., | : ADVERSARY NO. 05-1292 |
| BY PASCARELLA & WIKER LLP AS | : DOCUMENT NO. 1 |
| PLAN ADMINISTRATOR, Plaintiff | : |
| vs. | : |
| STRUCTURAL STEEL SERVICES, INC. | : |
| Defendant | : |

### ORDER

This __6th__ day of January, 2006, in accordance with the accompanying Memorandum, it shall be, and hereby is, ORDERED as follows:

1. Plaintiff shall, by January 27, 2006, file a Brief explaining its position as to how Erie Power Technologies, Inc., acting as a disclosed agent for Imperial Oil Limited, had any liability to Structural Steel.

2. Defendant may file a Responsive Brief by February 13, 2006.

3. A further argument on the Motion to Dismiss is fixed for February 22, 2006, at 10:00 a.m. in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. One hour has been reserved on the Court's calendar.

_____
Warren W. Bentz
United States Bankruptcy Judge

c: Patrick W. Carothers, Esq.
   Kimberly A. Coleman, Esq.

FILED

JAN 6